IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03083-CNS-STV

MOUNTAIN FOOD, LLC,

　　Plaintiff,

v.

SENTRY INSURANCE A MUTUAL COMPANY,

　　Defendant.

---

# ORDER

---

Before the Court are Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. (ECF Nos. 44, 49). The Court DENIES both motions for the following reasons.

## I. FACTS

This civil action arises from alleged storm damage that occurred on May 27, 2019, to Plaintiff's roofs, insured under a commercial policy from January 2019 to January 2020 (policy number 2539026), in Aurora, Colorado. (ECF No. 4, p. 3, ECF No. 45-1, pp. 9-107). Plaintiff alleges that it sustained wind and hail damage to the roofs of its property, that Defendant's engineer misrepresented that the property did not sustain hail damage, and that Defendant's adjuster wrongfully denied its claim and refused to readjust the claim after Plaintiff hired a public adjuster. (*Id*, pp. 4-5). In October 2020, Defendant removed the case from Arapahoe County District Court

1

and Plaintiff refiled its Complaint alleging (1) breach of contract and (2) unreasonable delay and denial of payment of covered benefits under Colorado Revised Statute §§ 10-3-1115 and -1116. (*Id*., pp. 5-7).  Defendant answered and asserted various affirmative defenses, including claim preclusion due to Plaintiff's failure to cooperate.  (ECF No. 11, p. 5).

In Defendant's motion for summary judgment, it argues that (1) Plaintiff's claim for breach of contract is barred by failure to cooperate and that the policy contains a cosmetic damage exclusion, and (2) it issued a timely denial one month after receiving notice of Plaintiff's claim and Plaintiff's lack of cooperation hindered its investigation.  (ECF No. 44).  Conversely, Plaintiff moves for partial summary judgment arguing that there is no genuine dispute of material fact regarding the presence of wind damage, independent of hail damage.  (ECF No. 49).

## II.  LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party.  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986).  Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  "[Q]uestions of intent, which involve intangible factors including

witness creditability, are matters for consideration of the fact finder after a full trial." *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980).

### III.  ANALYSIS

The issues at the heart of this dispute are whether (1) Defendant's engineer, Pie Consulting and Engineering, incorrectly assessed the damage to the roof by failing to include wind damage, and (2) the hail damage is superficial or cosmetic damage that is excluded by the policy. Having reviewed the Complaint, the motions and related briefing, and the relevant legal authority, the Court finds that there are disputed questions of material fact that preclude summary judgment in favor of either party.

**A.  Defendant's Motion for Summary Judgment**

*1.  Breach of Contract: Failure to Cooperate and Cosmetic Damage*

Defendant's main arguments are that Plaintiff breached the cooperation clause of the policy and that Plaintiff's loss is excluded under the cosmetic damages clause of the policy. In Colorado, an insured may forfeit rights under an insurance policy if he violates a policy provision or fails to cooperate, and said action materially and substantially disadvantaged the insurer. *Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015). To assert this affirmative defense, Defendant must establish: "(1) the insured fails to cooperate with the insurer in some material and substantial respect; and (2) this failure to cooperate materially and substantially disadvantaged the insurer." *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319, 1323 (10th Cir. 2021) (internal quotations and citation omitted). While the issue of whether the insured violated the insurance policy due to noncooperation is typically a question of fact, if "the record can produce no other

result, [the Court] may determine the issue of non-cooperation as a matter of law." *Hansen v. Barmore*, 779 P.2d 1360, 1364 (Colo. App. 1989).

After review of the record and undisputed facts, it appears that Plaintiff cooperated with Defendant. The purpose of the cooperation clause in the Policy is to "protect the insurer in its defense of claims by obligating the insured not to take any action intentionally and deliberately that would have a substantial, adverse effect on the insurer's defense, settlement, or other handling of the claim." *State Farm Mut. Auto. Ins. Co. v. Secrist*, 33 P.3d 1272, 1275 (Colo. App. 2001). However, Defendant notes in its motion:

> In less than one month after receiving notice of Mountain Food's claim, Sentry acknowledged receipt of the claim in writing, hired an expert (Pie Engineering), to inspect the loss, received Pie's report, and sent its coverage decision in writing to Mountain Food.

(ECF No. 44, p. 14). Defendant contends that it sent at least seven communications to Plaintiff over three months requesting information if Plaintiff disagreed with the results of the investigation and decision. (ECF No. 44, pp. 7-8). Defendant notes that it then received a sworn proof of loss and estimate from Plaintiff and that it sent seven more requests to Plaintiff requesting further information, including an engineering evaluation, and did not receive a response after March 26, 2020. (*Id.*, p. 8; *see* ECF No. 45-1, pp. 181-195). Plaintiff counters that it only hired counsel in January 2020 and provided Defendant with proof of loss and an estimate of the damages in March 2020. (ECF No. 50, p. 4). Plaintiff argues that Defendant cannot argue a failure to cooperate after it had already denied the claim. (*Id.*).

In its motion for summary judgment, Defendant neither argues in its initial motion that Plaintiff's alleged failure to cooperate was of a material or substantial nature, nor that the failure to cooperate materially and substantially disadvantaged it from rendering a decision. However,

4

Defendant argues, for the first time in its reply, that Plaintiff did submit another report and that this allegedly late submission of a report did materially and substantially disadvantage it:

> Sentry sent requests to Mountain Food's attorney on March 26, April 27, May 28, June 1, July 1, August 4 and September 4, 2020 for additional items needed to investigate the proof of loss and estimate submitted by Mountain Food, including any engineering evaluation. Such report (from Irmiter) was not provided by Mountain Food until June 29, 2021, even though such report (the Irmiter/Hinojosa report) was prepared on March 4, 2021. Mountain Food's attorney sat on that report and did not provide the same to Sentry until almost four months after it was prepared, and did not allow Sentry to have the property inspected by Sentry's experts Haddock and Dutton until August 5, 2021, or after the expert disclosures deadline.

(ECF No. 61, p. 10).  First, the Court will not consider new arguments raised for the first time in a reply as Defendant did not allege it was disadvantaged in the initial motion and Plaintiff has not been able to respond to such arguments.  Second, these allegations still do not support Defendant's argument that Plaintiff's alleged failure to cooperate substantially and materially disadvantaged it, as the dispute surrounding the Irmiter/Hinojosa report pertains to an expert report produced during discovery.  Accordingly, the Court denies Defendant's request for summary judgment.

Additionally, Defendant moves for summary judgment on the issue that the cosmetic damage exclusion provision of the policy prevents Plaintiff from pursuing this civil action.  The policy states:

> The following applies with respect to loss or damage by wind and/or hail to a building or structure identified in the Schedule as being subject to this Paragraph B.

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

(ECF No. 45-1, p. 52).  As highlighted by both parties, one of the core disputes is whether the hail damage to the roof is covered or excluded by the cosmetic damage provision of the policy. (*See* ECF No. 61, ("The issue is whether the damage is cosmetic (excluded) or functional (covered).")). This is an issue of fact, requiring expert testimony at trial, that is clearly within the province of the factfinder.  Thus, granting summary judgment on this issue is inappropriate.

2. *Undue Delay and Denial of Payment of Covered Benefits*

Next, Defendant moves for summary judgment on Plaintiff's claim for undue delay and denial of benefits under Colorado Revised Statute §§ 10-3-1115 and 10-3-1116.  Defendant argues that the only issue is whether the insurer improperly denied benefits without a reasonable basis. *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage."). Even if this Court accepts this limited scope of the issue, there are still material facts in dispute surrounding whether Defendant properly denied the claim.

First, Defendant admitted during discovery that it would be liable if the hail caused damage to the roof's protective coating.  (ECF No. 50-2, pp. 2-5).  Second, Defendant did not inspect the roof for any wind damage.  (ECF No. 50, pp. 17-19).  Defendant argues that Plaintiff's expert report is fatally conclusory, citing Tenth Circuit caselaw pertaining to qualified immunity and whether an officer's use of force was not actionable under 42 USC § 1983. (ECF No. 61, p. 10). Unlike this case, the Tenth Circuit noted that the plaintiff's expert only submitted an affidavit that simply contained a conclusion about the officers' use of force and was too conclusory to be relied upon.  *See Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001).  The Court finds Defendant's

argument unavailing and its reliance on this precedent inapplicable to the case at hand. Accordingly, Defendant has not established that it is entitled to summary judgment due to properly denying Plaintiff's claim for storm damage resulting from hail and wind, and this issue must be determined by the factfinder.

### B. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for partial summary judgment, arguing that there is no genuine dispute of material facts surrounding the presence of damages to the thermoplastic polyolefin (TPO) section of the roof that was caused by wind and independent of hail. (ECF No. 49, p. 2). However, Plaintiff concedes that there may be a genuine dispute of material facts regarding "(1) the extent, severity, and coverage for the damages to the metal roof caused by both wind and hail; and (2) the extent, severity, and coverage for the damages to the TPO roof caused solely by hail." (*Id.*).

Defendant argues that the report and proposed testimony by Plaintiff's expert, Tom Irmiter of Forensic Building Sciences, should be disregarded and that the Court must first determine whether his testimony is admissible before deciding the motion for partial summary judgment. (ECF No. 51, pp. 1, 4-10 ("As such, the Court cannot rule upon this Motion without first determining whether Mr. Irmiter's testimony is admissible.")). Essentially, Defendant attempts to couch a motion in limine into its response despite having filed a motion to exclude Tom Irmiter's expert testimony under Federal Rule of Evidence 702. (*See* ECF No. 46). Defendant misquotes Tenth Circuit caselaw (again regarding qualified immunity under § 1983) for the proposition that the District Court must determine admissibility before it can rely on an expert report to rule on a motion for summary judgment. The Tenth Circuit has explicitly stated:

> In denying the summary judgment motion, the district court indicated that Defendant's motion to strike the testimony of Plaintiffs' experts would be

7

> considered at trial. Defendant correctly asserts, however, that a trial court should determine whether an expert's testimony would be admissible at trial before considering that testimony in ruling on a motion for summary judgment . . . *While a determination of the credibility of the expert's testimony is not appropriate on summary judgment . . . a trial court may inquire into the reliability and the foundation underlying the expert's opinion . . . as well as the qualifications of the witness to testify as an expert.*

*Powell v. Fournet*, 1992 WL 150085, at *2 (10th Cir. 1992) (emphasis added). Defendant's argument that the Court must determine whether the expert's testimony is admissible goes beyond inquiring into the reliability and foundation of the expert's opinion and directly into the territory of examining the competency and credibility of Plaintiff's expert. (*See* ECF No. 51, pp. 1-2 ("Even if Mr. Irmiter is allowed to testify, there are so many factual questions surrounding his credibility that Plaintiff cannot be granted summary judgment because the jury is sole decider of credibility.")). The Court does not need to determine at this stage whether Plaintiff's expert is qualified to testify under Rule 702. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) (noting that evidence at the summary judgment stage does not need to be submitted in a form that is admissible at trial; only the underlying content or substance of the evidence must be admissible); *Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999). The Court finds that Plaintiff's causation report and repair estimates are not conclusory and are based on a physical inspection of the property. (*See* ECF No. 50-1, pp. 5-75).

Nonetheless, Plaintiff is still not entitled to summary judgment on the basis that Defendant's expert is silent on the issue of wind damage—Plaintiff's expert, assuming Defendant's motion to exclude is denied, will still be subject to cross-examination and the factfinder may decide that there is no damage attributable to wind. Regardless, as this Court previously noted, the issues of causation and the extent of damage to the roofs of the property are

heavily disputed issues of material fact. Determining whether damage to the TPO section of the roof was caused by wind alone, and independent of hail, is an issue for the factfinder at trial.

## IV.  CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are DENIED. (ECF Nos. 44, 49).

DATED this 20th day of October, 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge