IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03083-CNS-STV

MOUNTAIN FOOD, LLC,

    Plaintiff,

v.

SENTRY INSURANCE A MUTUAL COMPANY,

    Defendant.

## ORDER

Before the Court are (1) Defendant's Motion to Exclude Tom Irmiter's Expert Testimony Pursuant to Fed. R. Evid. 702 (ECF No. 46), (2) Plaintiff's Motion to Strike or Exclude the Testimony of Corey Schrauben (ECF No. 47), and (3) Plaintiff's Motion to Exclude the Testimony of Defendant's "Rebuttal" Experts Robert Haddock and Ronald Dutton (ECF No. 48). The Court DENIES Defendant's Motion to Exclude Tom Irmiter's Expert Testimony (ECF No. 46) and Plaintiff's Motion to Strike or Exclude the Testimony of Corey Schrauben (ECF No. 47) and GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Exclude the Testimony of Robert Haddock and Ronald Dutton (ECF No. 48).

### I. FACTS

This civil action arises from alleged storm damage that occurred on May 27, 2019, to Plaintiff's roofs, insured under a commercial policy from January 2019 to January 2020 (policy

1

number 2539026), in Aurora, Colorado (ECF Nos. 4, 45-1). The parties' main dispute centers around whether the hail and wind damage caused functional or cosmetic damage to the roofs. The instant motions were all filed on February 14, 2022 (ECF Nos. 46, 47, 48). A five-day jury trial is set to commence on April 24, 2023.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). The party submitting the expert's testimony must show by a preponderance of the evidence that the testimony is admissible. *See, e.g.*, *Bethel v. Berkshire Hathaway Homestate Ins. Co.*, No. 17-CV-01456-CMA-KLM, 2022 WL 1037572, at *2 (D. Colo. Apr. 1, 2022). To determine whether expert testimony is admissible, a court must determine whether: (1) the expert is qualified; (2) the expert's proffered opinion is reliable; (3) the expert's testimony is relevant; and (4) the proffered testimony will assist the trier of fact. *See id.* at *2; *103 Invs. I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006); *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006).

An expert is qualified if they have the "knowledge, skill, experience, training, or education" to render an opinion. *Roe v. FCA US LLC*, 42 F.4th 1175, 1180 (10th Cir. 2020) (citing Fed. R. Evid. 702). An expert's testimony is reliable if the methodology employed by the expert is based

2

on "sufficient data, sound methods, and the facts of the case." *Id.* (citation omitted). The expert's testimony must be scientifically sound, but "absolute certainty" is not required. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quotation omitted). Testimony is relevant if it "logically advances a material aspect" of the case and has a "valid scientific connection" to the case's disputed facts. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005) (citation omitted). The court looks to other non-exclusive factors to determine if the testimony will assist the jury: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123 (citation omitted). Doubts about the testimony's usefulness should be resolved in favor of admissibility unless such factors (e.g., time or surprise) weigh in favor of exclusion. *See Robinson v. Missouri Pac. R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

### III. ANALYSIS

#### A. Plaintiff's Expert Tom Irmiter (ECF No. 46)

Defendant moves to preclude Mr. Irmiter's expert testimony regarding (1) the potential weather event because he is not qualified to render an opinion on the date or severity of the wind or hailstorm; (2) the weather conditions because his opinions are unreliable; (3) the cause of the damage because his opinions are improper (ECF No. 46). Plaintiff counters that Mr. Irmiter has over fifty years of experience in evaluating and investigating damage to buildings and structures, he and his company conducted a thorough assessment and physical inspection of the roofs, and Mr. Irmiter can use reliable weather data to form his expert opinion about the conditions of the storm (ECF No. 54).

3

The "touchstone" of admissibility under Rule 702 is helpfulness to the factfinder. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991). "[C]onclusory opinions, which require blind acceptance of the expert's ipse dixit, are never helpful." *Huang v. Marklyn Grp. Inc.*, No. 11-cv-01765-REB-BNB, 2014 WL 3559367, at *5 (D. Colo. July 18, 2014). Instead, expert testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods," and the expert "reliably appl[ies] the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

Mr. Irmiter's fifty-four-page report, which was jointly authored with Robért Hinojosa (a professional engineer) (ECF No. 54-1), is both helpful and reliable to the factfinder regarding whether Plaintiff's roofs were damaged during the storm in question. Furthermore, this Court finds that it is within the scope of an expert's expertise, "when determining damage causation (including hail and wind damage), to rely on weather reports confirming the presence of a severe storm at the residence." *Revocable Tr. Agreement of Randall S. Ellis & Teri L. Ellis v. State Farm Fire & Cas. Co.*, No. 21-CV-0076-CVE-SH, 2022 WL 2671845, at *11 (N.D. Okla. July 11, 2022); *see also Severy Creek Roofing, Inc. v. Auto-Owners Ins. Co.*, No. 19-CV-01507-KMT, 2020 WL 2112364, at *3 (D. Colo. May 4, 2020) ("In any hail damage case, it is de riguer that one or both parties would present meteorological evidence for the presence of hail; however, the importance of such evidence would largely be dependent on whether the existence of a hail incident at the subject location was seriously disputed."). The Court finds that neither party disputes that a hailstorm took place at or near the structure at issue and Mr. Irmiter's report details his methods and analysis in such a way that Defendant can sufficiently cross-examine him regarding his conclusions. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."). Mr. Irmiter will therefore be allowed to testify as to all matters in his expert designation.

### B. Defendant's Expert Corey Schrauben (ECF No. 47)

Plaintiff moves to preclude Mr. Schrauben's expert testimony regarding the conditions of the roofs because his opinions are not based on scientifically sound principles or methods, but instead are based only on his site inspection of the roofs (ECF No. 47). Defendants note that while Mr. Schrauben, an engineer, agreed that a hailstorm did occur near Plaintiff's property on May 27, 2019, he ultimately concluded that the metal roof did not sustain damage that would affect its life expectancy or performance. Defendants argue that his expert opinion should be permitted because he conducted a physical inspection of the building and employed inspection techniques that are commonly used in the engineering industry (ECF No. 52, pp. 3-6). Similar to the prior analysis, the Court finds that Mr. Schrauben's testimony is admissible and helpful to the jury. Rather than striking Mr. Schrauben's testimony, the Court finds that vigorous cross-examination by Plaintiff (especially regarding his opinion that the roofs did not exhibit performance-altering impact damage) would be sufficient for it to explore the weaknesses (if any) of his inspection and opinion. *Daubert*, 509 U.S. at 596. As such, Mr. Schrauben's testimony will be allowed.

### C. Defendant's Rebuttal Experts Robert Haddock and Ronald Dutton (ECF No. 48)

Plaintiff moves to preclude Defendant's rebuttal experts arguing that Messrs. Haddock and Dutton are not rebuttal experts but affirmative experts who are presenting new theories in a joint report (ECF No. 48). Defendants argue that they properly disclosed Messrs. Haddock and Dutton as rebuttal experts, but concede that (1) "Mr. Irmiter's report did not provide in-depth discussions

on the metal roof's design and manufacturing or installation processes"; (2) Messrs. Haddock and Dutton's joint report "provides in-depth discussions on the composition of Plaintiff's metal roof and its coating, the roof's manufacturing process, and the roof's installation process"; and (3) that it is "also true that they employed different tools and techniques than Mr. Irmiter to conduct their on-sight inspection of the building" (ECF No. 53, p. 7). Ultimately, the report concludes that "the hail impacts have in no way diminished the performance, service life or value of the subject roof from a functional (or cosmetic) perspective" and finds that Mr. Irmiter's conclusion is not supported (ECF No. 53-5, p. 16).

Rebuttal expert testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal expert reports "necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their response reports" whereas an affirmative expert "serves to establish a party's case-in-chief." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-CV-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. Apr. 21, 2016) (citation and internal quotations omitted). Rebuttal expert reports cannot present new arguments and rebuttal experts "must restrict their testimony to attacking the theories offered by the adversary's experts." *Id*.

Messrs. Haddock and Dutton's joint report does rebut the ultimate conclusion reached by Plaintiff's affirmative expert and on that basis, the Court will not exclude the testimony. *See Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) ("The decision to exclude evidence is a drastic sanction."). However, the Court finds that the report is the collective opinion of both Messrs. Haddock and Dutton and there is no way to distinguish either expert's opinion; therefore, the Court will only allow one rebuttal expert to testify. Furthermore, to the extent that

either Mr. Haddock or Mr. Dutton offers new theories or addresses topics not discussed by Mr. Irmiter, Plaintiff may raise an objection at trial and the Court will exclude any testimony beyond the scope of this Order. *See Chinnock v. Safeco Ins. Co. of Am.*, No. 20-CV-00918-RM-NYW, 2022 WL 1469545, at *4 (D. Colo. May 10, 2022).

Separately, Plaintiff requests permission to designate a "rebuttal to the rebuttal expert," however, Federal Rule of Civil Procedure 26(a)(2) "permits affirmative expert disclosures and rebuttal expert disclosures; it does not permit parties to further rebut rebuttal expert disclosures." *Rothenberg v. Standard Ins. Co.*, No. 11-CV-01906-WYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012). The Court finds that this narrowly tailored Order permits Defendant to rebut Plaintiff's affirmative expert while prohibiting new arguments and theories beyond the scope of rebuttal.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Exclude Tom Irmiter's Expert Testimony (ECF No. 46) and Plaintiff's Motion to Strike or Exclude the Testimony of Corey Schrauben (ECF No. 47) are DENIED. Plaintiff's Motion to Exclude the Testimony of Robert Haddock and Ronald Dutton (ECF No. 48) is GRANTED IN PART and DENIED IN PART consistent with the above analysis.

DATED this 3rd day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge